UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAUL BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-255 |
| | § | |
| TOBY SHOR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are three motions to dismiss filed by Richard D. Daly ("Daly");[1] Toby Shor ("Shor"), individually and as trustee for Seashore Investments Management Trust and as trustee of the Toby Shor 2004 Grant Trust (collectively, "Shor Defendants");[2] and Douglas Allison ("Allison").[3] The Court will sometimes refer to the Daly, Allison, and Shor Defendants collectively as "Defendants." After considering the motions, responses, replies, and governing authorities, the Court **GRANTS** the motions in part, **DENIES** them in part, **WITHHOLDS** its ruling on the remaining issues, and **STAYS** the case.

### I.   Background

Paul Black ("Plaintiff") was apparently on the losing side of an arbitration award.[4] Thereafter, the arbitration award was approved by Judge Martinez in County Court of Law No. 3.[5] That arbitration award is currently on appeal.[6]

---

[1] Dkt. No. 11.
[2] Dkt. No. 12.
[3] Dkt. No. 21.
[4] Dkt. No. 1 at ¶ 12.
[5] Dkt. No. 1 at ¶¶ 13 & 15.
[6] Dkt. No. 1 at ¶ 15.

1

On August 6, 2012, Plaintiff sued Daly, Shor Defendants, and Allison.[7] The forty-five page complaint is repetitive and contains a tremendous amount of unnecessary information. Furthermore, there is a major ambiguity that plagues the complaint. Plaintiff states that he will refer to Shor Defendants as "Shor Parties" and that he will refer to Shor Defendants and Daly together as "Shor Defendants."[8] But Plaintiff then muddies the waters by using the term "Shor Party Defendants." At certain points, it is unclear whether Plaintiff is referring only to Shor Defendants or to both Shor Defendants and Daly.

Despite the poor quality of the complaint, it appears that Plaintiff's claims in this case are primarily based on the following **alleged** occurrences:

> First, on August 11, 2011, Judge Martinez entered a self-styled "Order on Toby Shor's and Seashore Investments Management Trust's Application for Turnover Order"[9] **("August Order")**. Regarding the August Order, Plaintiff claims that it was procured through ex parte communication with the judge, that it was substantively illegal, and that the Texas Turnover Statute is unconstitutional to the extent that it permits certain conveyances.[10]

> Second, Plaintiff and Shor Defendants were part of bankruptcy adversarial proceeding in which Shor Defendants and Daly convinced the bankruptcy trustee and the bankruptcy judge that they had a better settlement proposal than Plaintiff, and the bankruptcy trustee went with the proposal of the Shor Defendants and Daly because he was deceived by them.[11]

> Third, at the behest of Defendants, Judge Martinez entered an order in October 2011 **("October Order")** which ordered the bankruptcy trustee to convey certain interests to the Shor Defendants.[12]

> Fourth, an illegal order **("Frost Order")** was entered, subsequently disappeared from the official record, and has never been enforced.[13]

---

[7] Dkt. No. 1.
[8] Dkt. No. 1 at p. 1.
[9] Dkt. No. 1-1 at pp. 2-4.
[10] Dkt. No. 1 at ¶¶ 16-25.
[11] Dkt. No. 1 at ¶¶27-28, & 65.
[12] Dkt. No. 1 at ¶ 29.
[13] Dkt. No. 1 ¶¶ 33-37.

Fifth, a turnover order and discovery order were entered in November 2011 (**"November Orders"**). The November Orders were procured through ex parte communication with the judge, signed by the presiding judge when he was no longer a judge, and were unconstitutional. The turnover order was substantively illegal.[14]

Sixth, Plaintiff complains that after various assets were illegally procured (pursuant primarily to the August Order) their value was destroyed by Toby Shor, Shor Defendants, and Daly.[15]

Seventh, the Shor Defendants (and possibly Daly) wrongfully accessed computer records and files belonging to Plaintiff when they seized control of those assets.[16]

The underlying arbitration award is on appeal in state court, the August Order is on appeal in state court,[17] and the October Order is on appeal in state court.[18] Furthermore, Defendants contend that a notice of appeal was not filed as to the November turnover order,[19] but Plaintiff did seek relief regarding that order in his state court appellate brief.[20] In the same brief, Plaintiff asks the court of appeals to remand the case to the trial court for determination of whether Shor's actions have satisfied the judgment.[21]

Turning to Plaintiff's claims in his original complaint, Plaintiff's theories of recovery include: violations of his due process rights under 42 U.S.C. § 1983;[22] tortious interference with contractual rights and prospective contractual rights;[23] conspiracy;[24] abuse of process;[25] violations of 18 U.S.C. § 1030 relating to access to computers;[26] breach of fiduciary duties;[27] and

---

[14] Dkt. No. 1 at ¶¶ 38-59.
[15] Dkt. No. 1 at ¶¶ 60-64, & 67-68.
[16] Dkt. No. 1 at ¶¶ 66, & 73-77.
[17] Dkt. Nos. 11-3 & 11-4.
[18] Dkt. Nos. 11-5 & 11-6.
[19] Dkt. Nos. 11 at p. 4; 12 at p. 4; and 21 at p. 18.
[20] Dkt. No. 11-7.
[21] Dkt. No. 11-7 at p. 28.
[22] Dkt. No. 1 at ¶¶ 69-72, & 103.
[23] Dkt. No. 1 at ¶¶ 92-95.
[24] Dkt. No. 1 at ¶¶ 96-97.
[25] Dkt. No. 1 at ¶¶ 98-99.
[26] Dkt. No. 1 at ¶¶ 73-77.
[27] Dkt. No. 1 at ¶¶ 78-84.

conversion.[28] Plaintiff seeks equitable estoppel and judgment forfeiture as to Shor Defendants (and possibly Daly).[29] Plaintiff also seeks several forms of injunctive relief,[30] and alleges that all defendants are jointly and severally liable.[31]

All defendants moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[32] Plaintiff responded.[33] Shor Defendants and Richard Daly replied.[34]

## II. Analysis

Defendants first move for dismissal based on Federal Rule of Civil Procedure 12(b)(1). Specifically, they seek dismissal based on the *Rooker-Feldman* doctrine.[35] "Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments."[36] Central to Defendants' argument for the application of the *Rooker-Feldman* doctrine is that it may be applied when the state proceedings are ongoing. The Court disagrees.

Defendants rely on *Hale v. Harney*,[37] for the proposition that *Rooker-Feldman* may be applied even though the state court proceedings are ongoing. But, the Court agrees with the analysis in *Storyville District New Orleans, LLC v. Canal Street Development Corp.*,[38] that *Hale* is not controlling on this point. Particularly persuasive is the *Storyville* court's reliance on *Rowley v. Wilson*.[39] In the unpublished *Rowley* opinion, the Fifth Circuit stated:

---

[28] Dkt. No. 1 at ¶¶ 85-87.
[29] Dkt. No. 1 at ¶¶ 88-91.
[30] Dkt. No. 1 at ¶¶ 102-106.
[31] Dkt. No. 1 at ¶¶ 100-101.
[32] Dkt. Nos. 11, 12 & 21.
[33] Dkt. Nos. 22, 25, & 29.
[34] Dkt. Nos. 31 & 32.
[35] Dkt. Nos. 11 at pp. 4-8; 12 at pp. 4-9; 21 at pp. 18-22.
[36] Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994).
[37] 786 F.2d 688 (5th Cir. 1986).
[38] 785 F. Supp.2d 579 (E.D. La. 2011).
[39] *Id.* at 587-90 (citing Rowley v. Wilson, 200 Fed. App'x 274, 275 (5th Cir. 2006)).

4

> "[T]he *Rooker-Feldman* doctrine now applies only in the 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.' *Exxon Mobil* tells us when a state court judgment is sufficiently final for operation of the *Rooker-Feldman* doctrine: when 'the state proceedings [have] ended.' At the time appellants filed this federal lawsuit, their state proceedings had not ended. The state case was on appeal to the Louisiana appellate court. Accordingly, the *Rooker-Feldman* doctrine is inapplicable."[40]

Also, persuasive is the *Storyville* court's reliance on the post-*Exxon v. Mobil* approaches to the *Rooker-Feldman* doctrine taken by the First, Eighth, Tenth, and Eleventh Circuits.[41] Ultimately, because the underlying arbitration award is on appeal and the turnover orders are being addressed on appeal as well, the Court finds that the *Rooker-Feldman* doctrine is inapplicable in this case. The Court **DENIES** the 12(b)(1) motions that are based on the *Rooker-Feldman* doctrine.

Although the *Rooker-Feldman* doctrine is inapplicable, *Younger* abstention may apply to the claims in the original complaint. "Abstention under *Younger v. Harris*, 'is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.'"[42] In order to determine whether *Younger* abstention applies, "[w]e [] must answer three relevant questions: (1) whether the state proceedings 'constitute an ongoing state judicial proceeding;' (2) whether the proceedings 'implicate important state interests;' and (3) whether there is 'an adequate opportunity in the state proceedings to raise constitutional challenges.'"[43]

---

[40] *Rowley*, 200 Fed. Appx. at 275 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).
[41] *Storyville*, 785 F. Supp. 2d at 588-89 (collecting cases).
[42] Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) (quoting Word of Faith World Outreach Center Church, Inc. v. Morales*,* 986 F.2d 962, 966 (5th Cir. 1993)) (citing Younger v. Harris*,* 401 U.S. 37 (1971)).
[43] *Id*. at 1490 (citation omitted).

5

The Court will now consider whether *Younger* abstention applies to any of Plaintiff's § 1983 claims for relief. In addition to damages for alleged due process violations under § 1983, Plaintiff also seeks a declaration that the Texas Turnover Statute is unconstitutional.[44] Furthermore, Plaintiff seeks to enjoin Shor Defendants and Daly under § 1983 from using the Texas Turnover Statute.[45]

Turning to the first *Younger* factor, it is clear there is an ongoing state judicial proceeding. The underlying arbitration judgment and the turnover orders that were executed based on that judgment are on appeal in the state system. As to the second factor, those proceedings implicate an important state interest. The State of Texas has a strong interest in providing a functional judicial system and enforcing its judgments.[46] The constitutionality of the statutory rubric for collecting on judgments is central to the State's ability to offer a functional judicial system. Third, it is clear that the state court system in Texas permits appellants to raise federal constitutional issues on appeal. If nothing else, the "open courts" provision of the Texas Constitution would allow Plaintiff to bring a constitutional challenge to the Texas Turnover Statute.[47] Therefore, after considering the three *Younger* questions, the Court **DISMISSES** Plaintiff's § 1983 claim for a declaration that the Texas Turnover Statute is unconstitutional and **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claims for injunctive relief that are either based on a theory that Texas Turnover Statute violates Plaintiff's due process rights or based on a theory that the turnover orders violated Plaintiff's due process rights because they did not comply with the Texas Turnover Statute.

---

[44] Dkt. No. 1 at ¶¶ 69-72.
[45] Dkt. No. 1 at ¶ 103.
[46] *C.f.* Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12-14 (1987).
[47] *C.f.*, *id* at 14-17 (1987) (citing Tex. Const. art. I, § 13).

6

Turning to the § 1983 due process claim for damages, the Court acknowledges that there are cases in this circuit that state *Younger* abstention is inapplicable to a suit for damages.[48] On the other hand, *Alexander v. Ieyoub*, suggests that *Younger* is inapplicable when *only* damages are sought.[49] The Court notes that Plaintiff did not limit his § 1983 claim to damages.[50] He also seeks declaratory and injunctive relief. Additionally, the Court is persuaded by *Lewis v. Beddingfield*, where the Fifth Circuit, in reliance on the Supreme Court's decision in *Deakins v. Monaghan*, affirmed a *stay* of § 1983 claim for monetary relief.[51] In accordance with *Lewis*, the Court **STAYS** Plaintiff's claims for damages under § 1983 because those damages are not available to Plaintiff in the state court proceedings.

Furthermore, the Court finds that the remaining claims are substantially related to the § 1983 claims that have been stayed. Therefore, the Court finds that the remaining claims should not be severed. Instead, the Court **STAYS** the remaining claims as well. **To be clear, all claims that have not been dismissed are stayed.**

### III. Conclusion

After considering the motions, responses, replies, and governing authorities, the Court **GRANTS** the motions in part, that is, the Court **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claim for a declaration that the Texas Turnover Statute is unconstitutional and the Court **DISMISSES** the 42 U.S.C. § 1983 claims for injunctive relief that are either based on a theory that Texas Turnover Statute violates Plaintiff's due process rights or based on a theory that the turnover orders violated Plaintiff's due process rights because they did not comply with the Texas

---

[48] Rowley v. Wilson, 200 Fed. App'x 274, 275 (5th Cir. 2006); Allen v. Louisiana State Bd. of Dentistry, 835 F.2d 100, 104 (5th Cir. 1988).
[49] 62 F.3d 709, 713 (5th Cir. 1995).
[50] *C.f.*, Floyd v. Amite Cnty. Sch. Dist., 376 F. Supp. 2d 693, 697 & n.5 (S.D. Miss. 2005).
[51] 20 F.3d 123, 125 (5th Cir. 1994) (per curiam) (citing Deakins v. Monaghan, 484 U.S. 193, 202 (1988)).

Turnover Statute. Furthermore, the Court **DENIES** the motions to the extent that they are based on the *Rooker-Feldman* doctrine, **WITHHOLDS** its ruling on the remaining issues, and **STAYS** the case. The Clerk of Court is ordered to put this case on the inactive docket pending resolution of the state court proceedings.

    IT IS SO ORDERED.

    DONE this 17th day of December, 2012, in McAllen, Texas.

                                          _____
                                              Micaela Alvarez
                                       UNITED STATES DISTRICT JUDGE